IN THE COMMON PLEAS COURT OF RICHLAND COUNTY, OHIO
CIVIL DIVISION

SALWAD, INC.
d/b/a JOE & MARY'S MARKET
162 Sturges Avenue
Mansfield, OH 44903

   Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,
COLUMBUS FIELD OFFICE,
200 North High Street, Room 750
Columbus, Ohio 43215-2476

   Defendant.

Case No. 06-CV-6

Judge Henson

I, Linda H. Frary, Clerk of Courts Richland County, Ohio, hereby certify that the foregoing is a true and correct copy of the
COMPLAINT
filed with me Jan. 4, 2006
_____ Schneider
Deputy Clerk of Courts

## COMPLAINT FOR JUDICIAL REVIEW

Now comes Plaintiff, by and through its undersigned counsel, and hereby states the following as its Complaint:

1. Plaintiff is the owner and operator of Joe & Mary's Market ("Joe & Mary's"), which is located at 162 Sturges Avenue in Mansfield, Ohio. Jawad Okab is the owner and president of Salwad, Inc.

2. Since 1999, Joe & Mary's had served as a contract vendor for the Ohio Department of Health's State Supplemental Nutrition Program for Women, Infants, and Children ("WIC program"), detailed in Ohio Administrative Code Chapter 3701-42. Its most recent contract to serve in this capacity began on July 1, 2002, and ran through June 30, 2005.

3. This program is intertwined with the United States Department of Agriculture's Food and Nutrition Service ("FNS") and its Food Stamp Program ("FSP"), which issues permits

that enable vendors to accept food stamps. To participate in the WIC program, a vendor must have such a permit. *See* OAC 3701-42-03(D) (2005).

4. Under the WIC program contract and OAC 3701-42-06, Joe & Mary's was required to maintain certain procedures relating to the acceptance of the stamps, choice of foods, and pricing of items, among other things.

5. On March 4, 2005, Joe & Mary's was notified that it was being terminated as a WIC program vendor for violations of the procedures. Further, the Director of the Department of Health stated that Joe & Mary's would be disqualified from the program for one (1) year for general violations of the OAC and for three (3) years for overcharging, in violation of OAC 3701-42-06(O)(8).

6. Joe and Mary's requested an administrative review hearing of this determination pursuant to OAC 3701-42-09, which took place on April 29, 2005. In her official report of June 13, 2005, Hearing Examiner Barbara D. Lucas affirmed the Director's determinations and the three (3) year disqualification.

7. On July 19, 2005, the Columbus, Ohio field office of the FNS contacted Mr. Okab. At this time, it informed him that, because Joe & Mary's was disqualified from the WIC program for three (3) years, it was subject to losing its license to accept food stamps under the FSP for the same amount of time under 7 C.F.R. § 278.6(e)(8).

8. Mr. Okab called the FNS' Columbus office on July 27, 2005 to respond orally to this revocation. While he did not dispute the actions that formed the basis of the WIC program disqualification, he asked the office to consider imposing a civil money penalty in lieu of a disqualification under 7 C.F.R. § 278.6(f). This regulation permits such a substitution if a disqualification would impose a hardship on food stamp recipients in the area.

9. Given that the neighborhood Joe & Mary's serves has a high population of food stamp recipients and there were no other vendors that accepted food stamps within a mile of the store, Mr. Okab believed that such relief was warranted.

10. In a letter dated September 28, 2005, Officer in Charge Sheila Jacobs dismissed Mr. Okab's request for relief, finding that there were other stores within a reasonable distance that could serve the high population of needy residents. *See* September 28, 2005 Letter from Sheila Jacobs to Jawad Okab (attached hereto and incorporated by reference herein as Exhibit A). On this basis, Ms. Jacobs disqualified Joe & Mary's from the FSP for the same amount of time as the WIC program disqualification. *See id.*

11. Mr. Okab disputed the assertion that there were other eligible stores within a reasonable distance of Joe & Mary's, and petitioned the FNS' Administrative Review Branch to review the Columbus office's determination in that regard.

12. The case was assigned to Administrative Review Officer Richard Havnen, who denied the request for a civil money penalty in a letter issued November 28, 2005 and received by Plaintiff on December 5, 2005. *See* November 28, 2005 Letter from Richard Havnen to Marc E. Myers (attached hereto and incorporated herein as Exhibit B). Using a length of one mile from Joe & Mary's to define reasonable distance, Mr. Havnen found two acceptable, licensed stores within that area that could serve the individuals who had patronized Joe & Mary's. *See id.*

13. Mr. Havnen's factual determination that there are two stores within one mile of Joe & Mary's is wrong because one of the stores listed in his letter was closed for months prior to November 2005 and the other is actually 1.32 miles from Joe & Mary's. Therefore, the factual basis upon which the decision to deny a civil money penalty in lieu of disqualification is predicated is untrue.

3

14. Pursuant to the Food Stamp Act of 1977, 7 U.S.C. § 2023, a Review Officer's determination is the final step in the administrative review process. *See* 7 U.S.C. § 2023(a)(4) (2005).

15. The only option beyond the administrative review process is judicial review of the decision denying a civil money penalty in lieu of disqualification. Pursuant to 7 C.F.R. § 279.7(a), a vendor may file a Complaint for judicial review in either a United States District Court or any State Court possessing competent jurisdiction within thirty (30) days from receipt of the administrative determination. This Complaint shall be heard as a trial de novo, in which the applicable court is authorized to determine the validity of the decision denying a civil money penalty in lieu of disqualification.

**FIRST CLAIM**

16. Plaintiff incorporates herein Paragraphs 1-15 above as if fully rewritten herein.

17. Pursuant to 7 C.F.R. § 279.7 and O.R.C. § 2305.01, this Court has jurisdiction in this case. Plaintiff requests that this Court review the Administrative Review Officer's determination that there are two stores within one mile of Joe & Mary's, find that that determination is based upon untrue allegations, and find that Joe & Mary's is therefore eligible for a civil money penalty in lieu of a disqualification from the FSP.

WHEREFORE, Plaintiff demands that this Court take jurisdiction and thereafter order, adjudge, and declare that the Administrative Review Officer's determination is factually incorrect and insufficient as a justification for the denial of a civil money penalty in lieu of disqualification from the FSP, order a civil money penalty, and any other relief that this Court may grant, at Defendant's cost.

4

Respectfully submitted,

*Marc E. Myers* (signature)

MARC E. MYERS (0012878)
Blaugrund, Herbert & Martin Incorporated
5501 Rings Road, Suite 500
Dublin, OH 43017
614/764-0681
614/764-0774 FAX
Attorney for Plaintiff



September 28, 2005

**United States Department of Agriculture**

**Food and Nutrition Service**

**Columbus Field Office**

John W. Bricker Federal Building
200 N. High St.
Room 750
Columbus, Ohio
43215-2476

Phone:
614-469-6864
FAX:
614-469-6849

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Jawad Okab, Owner
Joe & Mary's Market
162 Sturges Avenue
Mansfield, Ohio 44903

Dear Mr. Okab:

You received a Food Stamp Program (FSP) charge letter dated July 19, 2005, which informed you of the circumstances regarding the possible disqualification of your firm authorized to participate in the FSP in response to your disqualification from the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC). You were given the opportunity to reply to the charge letter at that time. On July 27, 2005, you called our office to respond verbally to the charge letter and stated you would loose your business if you lost the food stamp license. You also stated that the neighborhood has a lot of food stamp recipients. A signed copy of that reply was received in our office on August 9, 2005, along with other information you wished to include for consideration. We considered assessing a civil money penalty in lieu of the three year disqualification. However, on the basis of information in our files, we find that a civil money penalty is not warranted in this case because there are authorized stores within a reasonable distance that offer a large variety of staple food items at comparable prices. Careful consideration has been given to the information and the evidence available to us relating to your charge letter.

You have been disqualified from participation in the WIC Program. Therefore, based on Section 278.6(e)(8) of the FSP regulations, you are hereby notified that Joe & Mary's Market shall be disqualified from the FSP for a period of time which is equivalent to the WIC Program disqualification period of three years. This action will be effective 10 days after your receipt of this letter.

The determination that your firm is subject to reciprocal administrative action on the basis of the disqualification from the WIC Program is final and is not subject to administrative review, in accordance with the Food Stamp Act of 1977, as amended, and Section 278.6(e) of the FSP regulations. However, appeal rights are available regarding the FNS determination made with regard to your firm's eligibility for a hardship civil money penalty. This determination regarding the ineligibility of your firm for a hardship civil money penalty will be final unless you submit a timely written request for review to the U.S. Department of Agriculture, Food and Nutrition Service, Administrative Review Division, 3101 Park Center Drive, Alexandria, Virginia 22302. Your request for review must be postmarked by midnight of the 10th calendar day following your receipt of this notice in order to be considered timely. If the 10th day of the period for requesting review

EXHIBIT A

falls on a Saturday, Sunday or legal (Federal) holiday, as specified in Section 279.5(c) of the regulations, a request for review will be timely if it is postmarked the next day which is not Saturday, Sunday, or legal (Federal) holiday. If a timely written request for review is made, administrative action will be held in abeyance, as provided in Section 278.8 of the regulations, until a decision on your request has made by the Administrative Review Officer. A copy of the regulations governing the Food Stamp Program is enclosed for your information.

This determination shall not preclude the USDA or any other agency or department of the United States for taking further action to collect any claim determined under the regulations governing the FSP or under any other pertinent statutes or regulations, nor shall this determination preclude prosecution under any other applicable statutes.

Under Section 278.16 (f) (2) of the FSP regulations, you will be subject to a civil money penalty should you sell your retail food business. The amount of the civil money penalty will be determined using your method found in Section 278.6(g) of the FSP regulations.

Your authorization card, number 2765969 must be mailed no later than the third working day after the above-described effective date to <u>Sheila Jacobs, Officer-in-Charge</u>.

Your firm may not accept food stamp benefits after the close of business on the effective date of the disqualification. Please note that if it is determined that you accept food stamp benefits after the effective date of the disqualification, you may be subject to a stiff monetary fine and possible prosecution under applicable statutes.

Sincerely,

*Sheila Jacobs*

SHEILA JACOBS
Officer in Charge

cc: Regional FMO
    Pam Hamilton, Vendor Operations Administrator, WIC

tg

Enclosures

UNITED STATES DEPARTMENT OF AGRICULTURE
FOOD AND NUTRITION SERVICE
Administrative Review Branch
11000 Truchard Court
Bakersfield, CA 93312-6723
Tel. (661) 589-5465

November 28, 2005

CERTIFIED MAIL - RETURN RECEIPT REQUESTED
7004 1160 0004 5920 4533

Marc E. Myers
Blaugrund, Herbert & Martin
Attorneys and Counselors at Law
5455 Rings Road, Suite 500
Dublin, Ohio 43017

        Re:    Joe & Mary's Market
                  162 Sturges Avenue
                  Mansfield, Ohio 44903
                  Jawad Okab, Owner

Dear Mr. Myers:

This letter is to inform you of my determination following an administrative review of the initial decision by the Columbus, Ohio Field Office of the Food and Nutrition Service to disqualify your client's store from participation in the Food Stamp Program without imposing a civil money penalty in lieu thereof.

My review has encompassed the information you and your client have provided as well as the information in the administrative files presently before me, and the requirements of appropriate Food Stamp Program regulations and Department policy.

The files presently before me indicate that your client was notified of the Department's intent to disqualify the store from participation in the Food Stamp Program for a period of three years, or to impose a civil money penalty in lieu thereof, in a letter dated July 19, 2005. Your client responded to that letter on July 27, 2005 during a telephone call to the Columbus, Ohio Field Office of the Food and Nutrition Service.

Your client was then notified in a letter dated September 28, 2005 from the Field Office that the store was not eligible for imposition of a civil money penalty in lieu of disqualification and would be disqualified for the three year period. The regulatory basis given for that adverse action was stated as 7 C.F.R. 278.6(e)(8).

EXHIBIT B

Marc E. Myers                                                                                         Page 2

We then received your client's letter of October 5, 2005 in which he requested this administrative review of the decision not to impose a civil money penalty in lieu of disqualification from the Food Stamp Program. With the granting of your client's request for review, implementation of the disqualification action has been held in abeyance pending completion of this review.

In requesting administrative review, you and your client have stated as the firm's position in the matter that disqualification should not be imposed and that a civil money penalty should be assessed in lieu of disqualification. With your letter of November 4, 2005, you enclosed 45 hand-written letters from persons who identified themselves as program participants who shop regularly at your client's firm. You contend that these persons would need to find a way to get to Quick Stop Food "at 398 Diamond Street" or to the "Kroger store at 860 West 4th Street" which you contend are the "nearest stores to Joe & Mary's that participate in the Food Stamp Program." You indicate that these stores are, respectively, 1 ½ miles and miles distant.

Your contention that the nearest comparable store that is authorized to participate in the Food Stamp Program is 1 ½ miles distant is not accepted as valid. The Field Office has identified two other full-line authorized grocery stores that are less than one mile distant: Ritchie's Market at 600 Springmill Street and E&B Market at 359 West 4th Street, the latter being approximately ½ mile distant. Current FNS policy requires that a civil money penalty in lieu of disqualification is not to be imposed on the basis of hardship to program participants if there is a comparable and readily accessible store within a mile of the firm subject to disqualification.

In reference to those contentions which purport to demonstrate that the earlier disqualification from the WIC Program was improper, and/or that the disqualification from the Food Stamp Program is not warranted, I render no findings or conclusions on the merits of those specific arguments. Those matters dealing with the WIC Program disqualification are not subject to this particular administrative review process but are included in other review processes of which your client was made aware, and which were separately pursued. The matter of the WIC Program disqualification cannot properly be re-addressed in this context except to conclude on a fact-finding basis that your client's store has been disqualified from participation in the WIC Program based on violations which include those specified within 7 C.F.R. 278.6(e)(8) for a period of three years. In reference to the contentions dealing with the disqualification from the Food Stamp Program, I already advised your client in earlier correspondence that, pursuant to 7 C.F.R. 278.6(e)(8)(iii)(C), the reciprocal Food Stamp Program disqualification action which follows WIC Program disqualification is not subject to administrative review by this office, nor is it subject to judicial review.

Based on my review of the totality of the evidence in this case, it is my determination that the denial of your client's request for imposition of a civil money penalty in lieu of disqualification from participation in the Food Stamp Program is sustained on the basis of 7 C.F.R. 278.6(f)(1).

In accordance with the Food Stamp Act of 1977, and the regulations issued pursuant thereto, the disqualification action shall become effective thirty (30) days after your receipt of this letter.

Marc E. Myers                                                               Page 3

Your attention is called to Section 14 of the Food Stamp Act (7 U.S.C. 2023) and to Section 279.10 of the regulations (7 C.F.R. 279.10) with respect to your client's right to a judicial review of this determination to deny your request for imposition of a civil money penalty in lieu of disqualification. (The disqualification action itself is NOT subject to judicial review.). Please note that if a judicial review of the denial of a civil money penalty is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which your client resides or is engaged in business, or in any court of record of the State having competent jurisdiction. If any such complaint is filed, it must be filed within thirty (30) days of receipt of this letter.

Sincerely,

Richard J. Havnen
Administrative Review Officer