UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SALWAD, INC.** | ) | Case No.: 1:06CV0109 |
| **dba Joe & Mary's Market** | ) | |
| **162 Sturges Avenue** | ) | JUDGE ADAMS |
| **Mansfield, Ohio 44903,** | ) | |
| | ) | MAGISTRATE LIMBERT |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **AGRICULTURE, FOOD AND** | ) | ANSWER OF THE |
| **NUTRITION SERVICE,** | ) | <u>UNITED STATES</u> |
| | ) | |
| **Defendants.** | ) | |

Answering on behalf of the defendant, the United States makes this, its answer to the Complaint of the Plaintiff:

1. Admit that Plaintiff is the owner and operator of Joe & Mary's Market located at 162 Sturges Avenue, Mansfield, Ohio, and further answering, is without information of knowledge sufficient to answer the remaining allegations of this paragraph.

2. Admit that Joe & Mary's Market was a participant in the federally funded WIC Program, and further answering, is without information of knowledge sufficient to answer the remaining allegations of this paragraph.

3. Deny that the WIC Program is "intertwined" with the Food Stamp Program, and further answering, admit that a store owner's participation in the Food Stamp Program may be affected by their participation in the WIC Program.

4. This paragraph contains allegations of law and not allegations of fact to which an answer is required, but to the extent necessary, admit the allegations of this paragraph.

5. Admit that Joe & Mary's Market was notified it was disqualified from the WIC Program for a total of three years for violations of the Program, and further answering, is without information of knowledge sufficient to answer the remaining allegations of this paragraph.

6. Admit that the disqualification of Joe & Mary's Market was upheld administratively, and further answering, is without information of knowledge sufficient to answer the remaining allegations of this paragraph.

7. Admit.

8. Admit that Mr. Okab called the Columbus, Ohio, office to question the disqualification but deny that he asked for a civil money penalty in lieu of

disqualification. Further answering, this paragraph contains allegations of law and not allegations of fact to which an answer is required, but to the extent necessary, admit the allegations of this paragraph.

    9. Deny.

    10. Admit.

    11. Admit.

    12. Admit.

    13. Deny.

    14. This paragraph contains allegations of law and not allegations of fact to which an answer is required, but to the extent necessary, admit the allegations of this paragraph.

    15. This paragraph contains allegations of law and not allegations of fact to which an answer is required, but to the extent necessary, admit the allegations of this paragraph.

    16. Deny any allegation not specifically admitted herein.

    17. Admit this Court has jurisdiction but deny the remaining allegations of this paragraph.

    18. The defendant denies any allegation not specifically admitted herein.

Having fully answered, the defendant requests that the plaintiff's Complaint be dismissed at Plaintiff's cost.

        Respectfully submitted,

        Gregory A. White
        United States Attorney

   By:   s/Alex Rokakis
            Alex Rokakis, Reg. No. 0029078
            Assistant U. S. Attorney
            United States Courthouse
            801 West Superior Avenue, Ste. 400
            Cleveland, OH 44113
            Voice (216) 622-3673
            Facsimile (216) 522-2404
            E-Mail: alex.rokakis@usdoj

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer of the United States was forwarded by regular U.S. Mail this <u>29th</u> day of March, 2006, and by virtue of the Court's electronic filing system to the following:

>Marc E. Myers, Atty.
>Blaugrund, Herbert & Martin Incorporated
>5501 Rings Road, Suite 500
>Dublin, OH 43017

>><u>s/Alex Rokakis</u>
>>Alex Rokakis
>>Assistant U.S. Attorney

N:\ARokakis\Food Stamps\SALWAD\Answer2.wpd